IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **B.R.**, | * |
| A minor, by her mother | * |
| and next friend, | * |
| **ULYSSA REMPSON** | * |
| 415 32nd Street NE | * |
| Washington, D.C. 20019 | * |
| | * |
| and | * |
| | *     **Civil Action No:** |
| **ULYSSA REMPSON** | * |
| 415 32nd Street NE | * |
| Washington, D.C. 20019 | * |
| Plaintiffs | * |
| | * |
| v. | * |
| | * |
| **GOVT. OF DISTRICT OF COLUMBIA** | * |
| A municipal corporation, | * |
| 1350 Pennsylvania Ave., N.W. | * |
| Washington, D.C. 20004 | * |
| | * |
| Serve on: | * |
| Attorney General of D.C. | * |
| Attn: Janice Stokes or Darlene Fields | * |
| One Judiciary Square | * |
| 441 4th Street, N.W., Suite 600 | * |
| Washington, D.C. 20001 | * |
| | * |
| and | * |
| | * |
| Mayor Adrian Fenty | * |
| Office of the Secretary | * |
| Attn: Gladys Herring or Designee | * |
| 1350 Pennsylvania Avenue, Ste. 419 | * |
| Washington, DC 20004 | * |

|  |  |
|---|---|
|  | \* |
| **CLIFFORD B. JANEY** | \* |
| The Superintendent, | \* |
| District of Columbia Public Schools | \* |
| 825 North Capitol Street, NE | \* |
| Washington, D.C. 20002 | \* |
|  | \* |
| and | \* |
|  | \* |
| **SEED PUBLIC CHARTER SCHOOL** | \* |
| 4300 C Street, SE | \* |
| Washington, DC  20019 | \* |
| Defendants(s) | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2.     B.R. is a sixteen-year old child with a disability in the custody of her mother, Ulyssa Rempson in the District of Columbia, and has been determined eligible as a full time LD student by DCPS pursuant to IDEIA and section 504. The mother brings this action on his behalf and in their own right.

3.     The District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS).  DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA

and section 504.

4.     Clifford B. Janey is the Superintendent of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education (FAPE) and that their rights to equal protection of the law and due process of law are respected.

5.     SEED Public Charter School (SEED) is responsible for affording all children with disabilities attending the school all rights pursuant to IDEIA and section 504.

## FACTS

6.     B.R. is a 16-year old student who has been determined to need special education by DCPS and her IEP 100% of her time out-of-general education setting.

7.     B.R. attended SEED for her seventh to ninth grade years. During her time at SEED, she exhibited inappropriate behaviors and her grades were poor as indicated by her disrespectful behavior toward staff and her peers. However, her initial IEP was not completed until 05/03/05.

8.     Her 05/03/05 IEP reflects only 6 hours of special education services in a special education class. However, SEED documented 31 to 34 incidents of inappropriate behavior within just a two week period (BR-11) and her grades continued to be poor.

9.     On 12/08/05, SEED completed an IEP which provided B.R. with 100% of special education services. However, she remained at SEED because DCPS did not provide her with an appropriate placement.

10.    On 01/26/06, DCPS placed B.R. at Hart MS and she started Hart MS during the latter part of the 2005/2006 school year but was not receiving any special education services. During her attendance at Hart MS, she sat in the class but did nothing educationally and as a result, did not receive any educational or related services.

11.    When school ended for the 2005/2006 school year, DCPS did not convene a placement meeting to determine an appropriate educational placement for B.R. nor did they provide her with

a placement for the 2006/2007 school year.

8.  On 08/01/06, the parent's advocate forwarded a letter to DCPS informing them that B.R. has not been provided with an educational placement for the 2006/2007 school year and that they had 10 days in which to place her or else the parent will utilize her right to a unilateral placement. However, DCPS did not respond.  As a result, the parent utilized her right under 20 USC §1412 (10)(C) because DCPS "had not made a free appropriate public education available to the child in a timely manner prior to the enrollment."  As a result, the parent placed the student at High Road School because she did not have a school to attend at the beginning of the 2006/2007 school year.

9.  On 09/29/06, the parent, through counsel filed a complaint alleging that SEED Public Charter School failed to adhere to the "child find" statue; failed to provide her with an IEP; failed to provide her with appropriate services and all her related services.  The complaint also alleged that DCPS failed to provide B.R. with an appropriate placement; failed to provide her with appropriate IEP; failed to provide her with appropriate services; and failed to convene a placement meeting to determine an appropriate placement.

10.  On 11/29/06, the hearing was convened.  During the hearing, SEED made a motion to be dismissed from the complaint stating that the parent waived her right to file a complaint against them because she had dropped a previous complaint through a different parent's counsel. However, SEED did not provide any law to support their position.  Parent's counsel argued that there is nothing in IDEA prohibiting the parent from re-filing a complaint that she withdrew.  The 02/21/06 complaint was not dismissed with prejudice by a hearing officer and so the parent had the choice of re-filing against SEED.

11.  During the 11/29/06 hearing, parent's counsel argued that DCPS did not provide the student with a placement for the 2006/2007 school year and as a result, they have not provided her with a FAPE and as such the hearing officer should place her at High Road at DCPS' expense. DCPS argued that the 10-day letter was not appropriate notice.  However, IDEA only requires the

4

10-day letter if DCPS had provided a placement and the parent was dissatisfied with the placement and wanted to remove the child. In this case, DCPS did not provide B.R. with any placement and as a result, the parent did not remove the child from a school. Parent's counsel argued that in fact, the 10-day letter was not required but was done so as to give DCPS notice of the fact that B.R. did not have an educational placement for the 2006/2007 school year but yet DCPS did not respond to the letter or provide the student with any educational placement.

12.     On 12/07/06, the hearing officer issued a hearing officer's determination (HOD) in which he dismissed the claim against SEED stating that the parent waived her right to file a "child find" claim against SEED because the parent withdrew SEED from a complaint filed through another attorney on 02/21/06. The HOD also dismissed the claim against DCPS even though DCPS had not presented any evidence that a placement was determined for the student or that DCPS attempted to make a placement decision for the 2006/2007 school year.

## COUNT I

13.     Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

14.     Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEA and section 504.

## COUNT II

15.     Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

16.     Defendants SEED violated IDEIA and denied Plaintiff a FAPE when they failed to adhere to the "child find" statute.

## COUNT III

17.     Plaintiffs adopts and incorporates preceding paragraphs as if fully set forth herein.

18.     Defendants SEED and DCPS violated IDEIA by not completing appropriate evaluations of the student.

## COUNT IV

19. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

20. Defendants DCPS violated IDEIA by not providing the parent with the opportunity to participate in a placement meeting.

## COUNT V

21. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

22. Defendants DCPS violated IDEIA by not providing B.R. with an appropriate placement for over two years.

## COUNT VI

23. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

24. Defendants violated IDEIA by not providing B.R. with appropriate special education and related services.

## COUNT VII

25. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

26. Defendant DCPS violated IDEIA by not providing the parent with an opportunity to participate in a placement meeting.

## COUNT VIII

27. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

28. The hearing officer erred in his decision to dismiss SEED premised on Defendant's argument that Plaintiffs have waived their right to file complaint against SEED. Neither the Defendant nor the hearing officer offered any authority in support of the waiver argument relied on in dismissing Plaintiffs complaint against SEED.

## COUNT IX

29. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

30. The hearing officer erred in his decision to dismiss the case against DCPS without proof of provision of a FAPE to the student.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for plaintiffs and against defendants on all aforementioned counts;

2. Issue appropriate injunctive relief requiring defendants DCPS to issue a PNOP placing and funding B.R. at High Road for the remainder of the school year;

3. Issue an order awarding compensatory education to the plaintiff against SEED and DCPS;

4. Order that the December 7, 2006 Hearing Officer's Determination be reversed, finding denial of a free, appropriate, public education by DCPS and SEED;

5. Award plaintiffs attorneys' fees and the costs of this action; and

6. Award any other and further relief the Court deems just and proper.

    Respectfully submitted,
    THE IWEANOGES' FIRM P.C.

By: /s/JudecIweanoge/s/
Jude C. Iweanoge, Bar #493241
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Ulyssa Rempson, et. al.

## DEFENDANTS
District of Columbia, et. al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jude C. Iweanoge, Esq.
The Iweanoges Firm
1026 Monroe Street, NE
Washington, DC 20017

Case: 1:07-cv-00578
Assigned To : Urbina, Ricardo M.
Assign. Date : 3/22/2007
Description: REMPSON v. Govt. of DC.

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊗ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ⊙ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*                                                      | ○ H. *Employment Discrimination*                                                                                                                                                                      | ○ I. *FOIA/PRIVACY ACT*                                                                                       | ○ J. *Student Loan*                                                                 |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence                     | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)*                  | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans)                 |

| ○ K. *Labor/ERISA (non-employment)*                                                                                                                            | ○ L. *Other Civil Rights (non-employment)*                                                                                                                                                  | ○ M. *Contract*                                                                                                                                                                                                                                                                                                                        | ○ N. *Three-Judge Court*                                                |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act)                     |

⊗ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

_____ (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.) _____
28 USC §1331, 20 USC §1415 et seq.

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | DEMAND $ _____ | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form. |

3/22/07                INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44                JTC
                                         Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.