**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ULYSSA REMPSON, et al**         * | |
|         Plaintiffs         * | |
|                  * | **Civil Action No: 07-0578 (RMU)** |
|    v.         * | |
|                  * | |
|                  * | |
| **DISTRICT OF COLUMBIA, et al**         * | |
|         Defendants         * | |

**************************************

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the Plaintiffs, Ulyssa Rempson and B.R., a minor, by and through their attorneys Jude C. Iweanoge, Esquire and THE IWEANOGES' FIRM, P.C. and respectfully requests this Honorable Court to deny Defendants Motion to Dismiss Plaintiffs Complaint as time barred. Memorandum of points and authorities supporting Plaintiffs Opposition to Defendants motion to dismiss is attached hereto.

                                      Respectfully submitted,
                                      THE IWEANOGES' FIRM P.C.

                              By:_____/s/JudeIweanoge/s/_____
                                  Jude C. Iweanoge, Bar #493241
                                  IWEANOGE LAW CENTER
                                  1026 Monroe Street, NE
                                  Washington, D.C. 20017
                                  Phone: (202) 347-7026
                                  Fax: (202) 347-7108
                                  Email: jci@iweanogesfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ULYSSA REMPSON, et al** | * | |
| Plaintiffs | * | |
| | * | **Civil Action No: 07-0578(RMC)** |
| v. | * | |
| | * | |
| | * | |
| **DISTRICT OF COLUMBIA, et al** | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTS OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### PROCEDURAL POSTURE

On March 7, 2007, Plaintiffs filed a Complaint pursuant to Individuals with Disabilities Education Improvement Act ("IDEIA"), premised on Defendants violation of Plaintiffs' rights under the IDEIA, in the Clerk's after-hours box. (Exhibit 1 and 2).

On or about March 14, 2007, the Clerk's office mailed the compliant back to undersigned for failure to sign it in ink. (Exhibit 3). Subsequently, undersigned returned the signed complaint requesting in the cover letter that the compliant be accept as filed on the original date that it was placed in the after-hours box. (Exhibit 4). However, the Clerk's office entered the complaint as filed on March 22, 2007.

On or about August 08, 2007, Defendant District of Columbia Public Schools filed a motion to Dismiss Plaintiffs' Complaint contending that Plaintiff claim is barred by the applicable statute of limitations.

### STANDARD OF REVIEW

Federal Rules of Civil Procedure, Rule 12(b)(6) provides that a claim may be dismissed for failing to state a claim upon which relief can be granted. The legal standard for a motion to

dismiss pursuant to Rule 12(b)(6) is that the complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, (1957). The court accepts as true all of the complaint's factual allegations giving "the benefit of all inferences that can be derived from the facts alleged," <u>Kowal v. MCI Communications Corp</u>., 16 F.3d 1271, 1276 (D.C. Cir. 1994). The factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. <u>See Shear v. National Rifle Association of America</u>, 606 F.2d 1251, 1253 (D.C. Cir. 1979). Dismissal is only proper if, after the allegations of the complaint are construed in the light most favorable to the plaintiff, the facts and allegations in the complaint would fail to afford the plaintiff relief if proven. <u>Ezra v. Pedas</u>, 682 A.2d 173, 174 (D.C. 1996). The defendants have failed to make a showing that the complaint fails to state a claim upon which relief can be granted.

## I. PLAINTIFF'S CLAIM SHOULD NOT BE DISMISSED BECAUSE IT WAS FILED WITHIN THE APPROPRIATE TIME FRAME

Defendants contend in their motion that plaintiffs' complaint should be dismissed because it was not filed within 90 days after the hearing officer's determination ("HOD"). Defendant relying on the erroneous date of March 22, 2007 calculated Plaintiff's complaint as filed 105 days after the HOD was issued. However, Plaintiff's complaint was timely filed on March 7, 2007 at the after-hours box, but the complaint was returned because undersigned inadvertently filed the complaint that bore the electronic signature. Exhibit 1 and 3. Subsequently on or about March 14, 2007, the Clerk mailed the Complaint back to undersigned for signature in ink. Exhibit 2. Worthy of note is that the civil cover sheet on the ECF system bears the after-hours stamp of March 27, 2007.

In <u>Tiara Tyler v. District of Columbia</u>, Civil Action No. 05-2259 (RMC), Plaintiffs filed their complaint on November 15, 2005, in the Clerk's after-hours box, but the civil cover sheet was missing. When Plaintiffs provided the cover sheet on November 21, 2005, the Clerk officially filed the Complaint relying on the new date of November 21, 2005. However, the Court relied on November 15, 2005 for the purpose of calculating the 90-day statute of limitation. For statute of limitation purposes, a complaint is deemed to be filed with the Clerk when it is placed in the Clerk's custody, even if it is technically deficient. <u>See e.g.</u> <u>Lyons v. Goodson</u>, 787 F.2d 411, 412 (8th Cir. 1986) (complaint timely filed even though duplicate copies were missing); <u>Loya v. Desert Sands Unified Sch. Dist</u>., 721 F.2d 279, 281 (9th Cir. 1983) (complaint timely filed even though it was on the wrong size paper); <u>Moffitt v. United States</u>, 430 F. Supp. 34, 36 (E.D. Tenn. 1976) (complaint timely filed despite lack of cover sheet).

Similarly, in the instant case, the Plaintiffs filed their complaint on March 7, 2007 in the after hours box, but the complaint was returned for undersigned signature. Despite the established rule in this jurisdiction and the holding in <u>Tiara Tyler</u>, the Clerk used March 22, 2007 as the filing date. Since the hearing officer's determination was issued on December 7, 2007 and the plaintiff filed the complaint on March 7, 2007, Plaintiffs' Complaint is timely and should not be dismissed.

Accordingly, Defendants' motion to dismiss should be denied because the complaint was filed within the applicable 90 days and so the court has subject matter jurisdiction over the case.

## II.  PLAINTIFFS' COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §1983

Defendant contend in their motion that plaintiffs' complaint should be dismissed because the court does not have jurisdiction under §1983.  However, in <u>Franklin v. Gwinnett County</u>

Public Schools, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), the Supreme Court found that Congress did not intend to preclude the plaintiffs' rights under any other law provided to the plaintiffs. The Court found that "the general rule . . . is that absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to the federal statute." Id. at 70-71. The Supreme Court further found that ". . . although we examine the text and history of a statute to determine whether Congress intended to create a right of action, we presume the availability of all appropriate remedies unless Congress has expressly indicated otherwise. Id. As such in the instant case, Congress has not made any express indication that §1983 claims are barred by the IDEIA. Therefore, this case should not be dismissed.

Additionally, in Walker v. District of Columbia, 969 F.Supp. 794 (D.C., 1997) this Court recognized that "nothing in this chapter [§1415] shall be construed to restrict or limit the rights, procedure, and remedies available under the Constitution, Title V of the Rehabilitation Act of 1973, or other Federal statutes protecting the rights of children and youth with disabilities . . .' Id. This court found that Walker had a valid §1983 claim and a valid §504 claim so as to move forward with the case. The court in Walker cited to W.B. v. Matula, 67 F.3d at 494-95 (3d Cir. 1995), (money damages could be awarded under §1983 for IDEA claims).

In Eric David Olson, et al, v. Robinsdale Area Schools, et al, 2004 U.S. Dist. LEXIS 9858, the court found that the Plaintiffs may bring a special education claim under 42 U.S.C. §1983. The court in Olson stated that "under §1983, a person who deprives another 'to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable' to the injured party." Id. at 8. The court determined that "the right to have a hearing officer's decision carried out is a right 'secured by the laws of the United States." Id. In the

instant case, the school system deprived the student of an appropriate placement by not placing the student in a school that could implement her IEP. Therefore, according to Olson, the student receiving an appropriate education is a right "secured by the laws of the United States." Therefore, §1983 applies to the case at hand.

In the instant case the District seeks to dismiss plaintiff's section 1983 claim because in its view, the complaint does not allege facts showing the municipal policy that violated his constitutional rights as required by Monell. The Monell standard, contrary to the District's contention, is not applicable to plaintiff's claim. In Atchinson v. District of Columbia, 73 F.3d 418 (D.C. Cir. 1996) the court had to decide whether a plaintiff asserting a section 1983 claim of municipal liability is required to allege the policy, specific custom or procedure that was adopted by the District that caused the constitutional violation. The Circuit Court following the Supreme Court's lead in Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), determined that the plaintiff's complaint was not deficient simply because it "failed to identify a specific custom, policy statement, or procedure that caused his injuries," and otherwise "failed to state facts supporting its allegation." Moreover, this case is far too early of a state for dismissal for failure to name a specific policy or custom, to be appropriate. Nearly every issue in this case would benefit from illumination through amendment of pleadings and a review the administrative record after it is filed by the Defendant. The record has not been developed to the point where specific customs and policies of the District of Columbia can be specifically addressed.

In Atchinson v. District of Columbia, 73 F.3d at 422, the Circuit Court found that it was enough for the plaintiff to "allege facts that may reasonably suggest misconduct sufficiently serious and obvious to justify an allegation of improper training." Id. In addition, the Circuit

Court also found that plaintiff's use of the phrase "deliberate indifference" without any facts or even generalized factual allegations regarding such alleged indifference renders the complaint adequate. Id. at 423.

Accordingly, Plaintiffs have alleged sufficient facts to sustain their claim under Section 1983. In the event the Court finds otherwise, it should in the alternative grant Plaintiffs leave to amend their complaint.

### III.   PLAINTIFFS' COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE SECTION 504 OF THE REHABILITATION ACT

In Walker v. District of Columbia, 969 F.Supp. 794 (D.C., 1997), the Court found that the plaintiff had a claim under § 504 based on the facts that he was not receiving his appropriate special education services. According to Monahan v. Nebraska, 687 F.2d at 1170-71 (8th Cir. 1982), to have a §504 claim "either bad faith or gross misjudgment must be shown before a Section 504 violation can be made out . . ." In this case it was a gross misjudgment and bad faith for the school system to place the student in a school that they knew could not implement an IEP which called for a full time Emotionally Disturbed (ED) placement. This is evidenced by the testimony of the school's special education coordinator that if B.R.'s IEP calls for a full time ED setting, he does not know how she ended up at Hart Middle School (Hart) because Hart does not have a full time ED program.

The District of Columbia Public Schools' officials placed B.R. at Hart despite their knowledge that she was emotionally disturbed and needed an appropriate placement that will provide her some educational benefits, yet they ignored the educational needs of the child. Therefore, Plaintiff has alleged bad faith and a gross misjudgment on the part of Defendants and is entitled to sustain her claim under Section 504.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request this Honorable Court to deny Defendant's motion to dismiss Plaintiff's complaint as time barred. In addition the court should deny Defendant's motion to dismiss as it relates to Plaintiffs' claims under §1983 and Section 504, or in the alternative grant Plaintiffs leave to amend their complaint.

                              Respectfully submitted,
                              THE IWEANOGES' FIRM P.C.

                              By:_____/s/JudeIweanoge/s/_____
                                   Jude C. Iweanoge, Bar #493241
                                   IWEANOGE LAW CENTER
                                   1026 Monroe Street, NE
                                   Washington, D.C. 20017
                                   Phone: (202) 347-7026
                                   Fax: (202) 347-7108
                                   Email: jci@iweanogesfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 21st September 2007 a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will notify the Defendants through the court's e-file system.

                                                _____/s/_____
                                                   Jude C. Iweanoge

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Ulyssa Rempson, et. al.

**SUMMONS IN A CIVIL CASE**

V.

Govt. of District of Columbia, et. al.

CASE NUMBER:



TO: (Name and address of Defendant)

Govt. of District of Columbia
Serve on:
Mayor Adrian M. Fenty
Office of the Secretary
1350 Pennsylvania Avenue, Ste. 419
Washington, DC  2004

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                                                    DATE

(By) DEPUTY CLERK

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Ulyssa Rempson, et. al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jude C. Iweanoge, Esq.
The Iweanoges Firm
1026 Monroe Street, NE
Washington, DC 20017

## DEFENDANTS
District of Columbia, et. al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ● C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


Chris Fox
9 Market Street
Ellenville, NY 12428

ORDER

The papers in the above captioned matter are hereby returned to you for failure to comply with Federal Rules of Civil Procedure and/or the Local Rules of this Court. The papers are deficient in the following respects:

[ ]  Your complaint **must** set forth the **facts of your case and indicate what kind of relief you seek from the Court.** The name of this Court **must** be written at the top of the first page. The word **COMPLAINT must** appear under the caption.

[ ]  All parties to suit must be named in the caption. The use of et al. is **not** permitted as the rules require you to name each defendant. Please provide the address of each named defendant. Your **name, address,** and **telephone number** must appear in the caption.

[ ]  Your complaint **must** be legibly handwritten or typed on white letter-size (8 ½ x 11 inch) paper. Do not write on the back of the page. Your complaint **must** be double spaced. If you are requesting a jury trial, the jury demand must be stated in your complaint.

[X]  You **must** sign, in ink your complaint with an original signature. Original plus one copy of your complaint must be submitted. Original should be 2 hole punched at the top.

[ ]  The fee for filing your complaint is $350.00. Please make your check or money order payable to: "Clerk, US District Court."

[ ]  Only an attorney may represent someone other than themselves.

[ ]  Attorney is not a member of the bar of this Court and thus unable to present papers pursuant to Local Rule 83.8(a)

[ ]   Attorney is a member of our bar but is not in good standing. Therefore, we are unable to accept the pleadings at this time. Please contact attorney Admissions Office at (202) 354-3107.

[ ]   A petition for Writ of Habeas Corpus or a Complaint under 42 U.S.C. 1983, submitted by anyone incarcerated in a District of Columbia facility, **must** be submitted on Court approved forms. The appropriate forms are enclosed.

[ ]   You have not complied with conditions of the Order by Judge _____ on _____. A copy of the order is enclosed.

[ ]   OTHER: Phone

NOTE:  **DO NOT** send pleadings directly to a Judge's chambers. All pleadings must be processed by the Clerk's Office to ensure efficient and timely filing. Pursuant to Local Rule 5.1 (b), correspondence is not to be filed and should not be directed to chambers unless specifically requested.

For the foregoing reason(s), your papers are herewith returned unfilled. You have a right to resubmit your papers along with the filing fee or affidavit to proceed in forma pauperis to Clerk's Office, US District Court Room 1225, 333 Constitution Ave., NW Washington D.C. 20001

HOGAN, C.J. TFH
_____
Chief Judge Thomas F. Hogan

Date: MAR 12 2007
_____

# THE IWEANOGES' FIRM

A Professional Corporation
TRIAL ATTORNEYS AND COUNSELORS AT LAW

**Correspondence to Main Office:**
IWEANOGE LAW CENTER
1026 Monroe Street, Northeast
Washington, D.C. 20017-1760

John O. Iweanoge, II.*^
Charles C. Iweanoge ^
Jude C. Iweanoge ^

*Admitted to the VA Bar
^Admitted to the DC & MD Bar

**Virginia Office:**
500 N. Washington St
Alexandria, VA 22314-2314

Phone: (202) 347 – 7026
Facsimile: (202) 347 – 7108
Website: www.iweanogesfirm.com

Writer's Direct Dial and E-mail:
(202) 288-1374
jci@iweanogesfirm.com

March 19, 2007

Clerk-Civil Division
United States District Court
for the District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

    RE:    *Ulyssa Rempson, et al v. District of Columbia, et al*
             Civil Action No.: *Not yet assigned*

Dear Sir or Madam:

Enclosed please find the following documents which was previously filed with the Court and returned because the original complaint was not signed in ink. Kindly accept the complaint as filed on March 7, 2007, the date the complaint was originally filed with the Court.

Please file the original in the appropriate manner before the Court, issue summons for the Defendant, and return the summons with attached complaints and my file copy to my office in the self-addressed stamped envelope provided.

Should you have any questions regarding the filing of this document, please feel free to contact me.

Sincerely,

*/s/ Jude C. Iweanoge*
Jude C. Iweanoge

Enclosures