THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| B.R., a minor, | : | | |
| by her mother and next friend, | : | | |
| ULYSSA REMPSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-0578 (RMU) |
| | : | | |
| v. | : | Document No.: | 2 |
| | : | | |
| DISTRICT OF COLUMBIA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

GRANTING THE DEFENDANTS' MOTION TO DISMISS;
GRANTING THE PLAINTIFF LEAVE TO AMEND HER COMPLAINT

### I. INTRODUCTION

The plaintiff appeals an administrative decision dismissing her complaint against SEED Public Charter School ("SEED") and the District of Columbia Public Schools ("DCPS") alleging that the defendants denied her daughter, a 16-year-old disabled child, a free, appropriate education as required by the Individuals with Disabilities in Education Act ("IDEA"). The defendants move to dismiss, arguing that the plaintiff fails to adduce facts sufficient in her complaint to support her invocation of §1983 of the Civil Rights Act and §504 of the Rehabilitation Act. The plaintiff argues that her claims survive under the relaxed pleading standard assumed during the preliminary stages of a case. Because the plaintiff fails to allege a sufficient factual predicate for her §1983 claim, the court dismisses it. But because the plaintiff fails only to clearly indicate the factual basis of the violation supporting her §504 claim, the court grants the plaintiff leave to amend her complaint to clarify her factual allegations.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff's daughter, B.R., attended SEED from the seventh through the ninth grades. Pl.'s Compl. ¶ 6.  Her initial Individualized Education Program ("IEP"), completed on May 3, 2005, required 6 hours of special education services.  *Id.* ¶ 8.  Her IEP was revised on December 8, 2005, however, to reflect her eligibility for full-time special education.  *Id.* ¶ 9.  On January 26, 2006, DCPS placed B.R. at Hart Middle School, which allegedly did not provide her any special education services.  *Id.* ¶ 10.  At the end of the school term, DCPS did not convene a placement meeting to consider an appropriate school for the 2006-2007 term.  *Id.* ¶ 11.  On August 1, 2006, the plaintiff submitted a letter to DCPS informing it that it had 10 days to designate an appropriate educational setting for her daughter.  *Id.* ¶ 12.[1]  DCPS did not respond, and the plaintiff placed B.R. at High Road School, a private establishment.  *Id.*

On September 29, 2006, the plaintiff filed an administrative complaint against SEED and DCPS alleging a failure to provide B.R. with appropriate education services.  *Id.* ¶ 13.  On December 7, 2006, a hearing officer ruled that the plaintiff had waived her right to file a claim against SEED because she had withdrawn SEED as a named plaintiff in a prior complaint.  *Id.* ¶ 15.  The officer also dismissed the claim against DCPS.  *Id.*  The plaintiff filed a complaint in this court on March 7, 2007, within the 90-day statute of limitation period.[2]  The defendants'

---

[1]  The complaint mislabels paragraph 12 as paragraph 8 and propagates this error throughout the remainder of the document.  The court, therefore, ignores the plaintiff's numbering and refers to the paragraphs based on their proper ordination.

[2]  The defendants initially sought dismissal for failure to abide by the statute of limitations, noting that it appeared the plaintiff had not filed a complaint until March 22, 2007. Defs.' Mot. to Dismiss at 4.  The plaintiff then explained that her counsel filed the complaint on March 7, 2007 but the clerk's office returned it because of the absence of a signature.  Pl.'s Opp'n at 5.  Apprised of the context of the delay, the defendants withdrew their statute of limitations defense.  Defs.' Reply at 2.  The court recognizes that a technical violation such as

instant motion presents the court with the question of whether the plaintiff has alleged facts in support of her §1983 and §504 claims sufficient to ward off dismissal for failure to state a claim.

### III. ANALYSIS

#### A. Legal Standard for Motion to Dismiss for Failure to State A Claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege a "plausible entitlement to relief," by setting forth "any set

---

the absence of a signature does not eliminate subject-matter jurisdiction. *See Tyler v. District of Columbia*, 2006 WL 2024377, at *1 n.1 (D.D.C. July 18, 2006) (holding that "a complaint is deemed to be filed with the Clerk when it is placed in the Clerk's custody, even if it is technically deficient") (citing *Lyons v. Goodson*, 787 F.2d 411, 412 (8th Cir. 1986); *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 281 (9th Cir. 1983); *Moffitt v. United States*, 430 F. Supp. 34, 36 (E.D. Tenn. 1976)).

of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967, 1969 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Id.* at 1964, 1966. In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

**B. The §1983 Claim Is Dismissed Because the Plaintiff Fails to Plead a Factual Basis**

The IDEA guarantees every disabled student a free, appropriate public education specially designed to meet his or her unique needs. 20 U.S.C. §1400(d)(1)(A). The Act establishes a variety of entitlements and procedural safeguards, including the design and implementation of an IEP for every disabled child, 20 U.S.C. §§1401(11), 1414(d), and a notice-and-hearing process by which parents and children participate in the design and implementation of IEPs. *Id.* §§1414(f), 1415.

A student is entitled to compensatory education if a school system has failed to provide her special education services. *See Hall v. Knott County Bd. of Educ.*, 941 F.2d 402, 407 (6th

Cir. 1991); *Miener v. Missouri*, 800 F.2d 749, 753 (8th Cir. 1986); *Walker v. District of Columbia*, 157 F. Supp. 2d 11, 30 (D.D.C. 2001). Compensatory damages, however, are not available under the IDEA, and a plaintiff seeking them must bring a §1983 claim to vindicate her rights under the IDEA. *Walker v. District of Columbia*, 969 F. Supp. 794, 795-97 (D.D.C. 1997); *see W.B. v. Matula*, 67 F.3d 484, 494-95 (3d Cir.1995).

> In full, §1983 provides that:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983. It is the plaintiff's burden to establish that a municipality has a custom or practice abridging her constitutional or statutory rights. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978); *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000). To establish liability under § 1983 for an IDEA violation, the plaintiff must satisfy a 4-part test, proving by a preponderance of the evidence that: (1) DCPS violated "one or more specific provisions of the IDEA"; (2) "exceptional circumstances exist, such that the conduct of DCPS . . . was persistently egregious and prevented or frustrated . . . equitable relief under the IDEA"; (3) D.C. has a custom or practice that is the "moving force behind the IDEA violations"; and (4) the normal IDEA remedies will not adequately compensate the plaintiff. *Walker*, 157 F. Supp. 2d at 30; *see also Bowman v. District of Columbia*, 2006 WL 2221703, at

5

*2-3 (D.D.C. Aug. 2, 2006); *Savoy-Kelly v. Eastern High Sch.*, 2006 WL 1000346, at *4-5 (D.D.C. Apr. 14, 2006); *Jackson v. District of Columbia*, Civ. No. 02-0968, Mem. Op. at 8-9 (D.D.C. Sept. 21, 2003); *R.S. v. District of Columbia*, 292 F. Supp. 2d 23, 28-29 (D.D.C. 2003). Some district court decisions consider only the first and third factors of this test. *E.g.*, *Johnson v. District of Columbia*, 190 F. Supp. 2d 34, 46-47 (D.D.C. 2002); *Zearley v. Ackerman*, 116 F. Supp. 2d 109, 114 (D.D.C. 2000).

The defendants argue that the plaintiff has failed to allege specific facts that would satisfy this 4-part test. Defs.' Mot. to Dismiss at 6. The plaintiff counters that it "is far too early" for the court to expect the plaintiff "to name a specific policy or custom" that she challenges. Pl.'s Opp'n at 6. At this stage, a general allegation of "deliberate indifference" should satisfy the court. *Id.* at 7 (quoting *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996)).

As an initial matter, the court observes that the plaintiff has not even explicitly alleged "deliberate indifference" on the part of the defendants in her complaint. The factual narrative therein could be read as implicitly levying such a charge, however. *See Atchinson*, 73 F.3d at 422 (holding that an allegation of a policy or custom could be inferred from allegation of an injury that "reasonably suggest[s] misconduct"). The complaint alleges that B.R. exhibited inappropriate behavior and earned poor grades for two years before DCPS completed a proper IEP. Compl. ¶ 7. And it accuses DCPS of placing B.R. in a school that did not provide full-time special services, despite the language in her IEP allegedly requiring such services. *Id.* ¶ 10. Therefore, in recognition of the relaxed pleading standards at this procedural stage, the court will not hold the plaintiff's artlessness against her. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957) (admonishing courts not to treat pleading as "a game of skill in which one misstep by counsel

6

may be decisive to the outcome").

Of course, the court's grace does not extend beyond construing implicit allegations to inferring non-existent facts. *Cf. Ramirez v. Arlequin*, 447 F.3d 19, 25 (1st Cir. 2006) (holding that "[a] claim of breach of contract by a state actor without any indication or allegation that the state would refuse to remedy the plaintiffs' grievance should they demonstrate a breach of contract under state law does not state a claim for violation of the plaintiffs' right of procedural due process"). The plaintiff has alleged facts showing that the defendants violated "one or more specific provisions of the IDEA," but she has not alleged facts demonstrating that "exceptional circumstances" rendered the defendants' conduct "persistently egregious" as required by §1983. *Cf. Matula*, 67 F.3d at 487-95 (permitting §1983 action for damages where school system persistently refused to evaluate, classify and provide necessary educational services to plaintiff despite "ample reliable evidence" of plaintiff's disability); *Quackenbush v. Johnson City Sch. Dist.*, 716 F.2d 141, 147-49 (2d Cir. 1983) (permitting §1983 action for damages where school system purposefully took steps to "prevent[] handicapped children from gaining access to the procedural safeguards guaranteed by the statute"). Nor has the plaintiff alleged facts sketching a custom or practice of the defendants providing the "moving force behind the IDEA violations." *Cf. Atchinson*, 73 F.3d at 422 (upholding § 1983 claim because it contained specific allegation – failure to train police officers in proper use of force – that notified defendant of precise custom or policy alleged to be legally deficient). And, finally, the plaintiff has not explained in either pleadings or briefs why the normal IDEA remedies would not offer adequate compensation. *See Matula*, 67 F.3d at 495 (advising that "on fashioning a remedy for an IDEA violation, a district court may wish to order educational services, such as compensatory education beyond a child's

age of eligibility . . . rather than compensatory damages for generalized pain and suffering"). Indeed, it is not even clear from the complaint that the plaintiff is seeking compensatory damages, at all. *See* Compl. at 7 (praying for injunctive relief, compensatory education, attorneys' fees and costs of this action). Because no facts show any signs of life in the plaintiff's claim, the court dismisses it as legally moribund.

### C. The § 504 Claim Is Dismissed Because Its Factual Basis Requires Clarification

In order to state a claim under § 504 of the Rehabilitation Act, a plaintiff must show that he or she was discriminated against "solely by reason of his [or her] handicap." 29 U.S.C. § 794. In the context of children who receive benefits pursuant to the IDEA, the D.C. Circuit has noted that "to show a violation of the Rehabilitation Act, something more than a mere failure to provide the 'free and appropriate education' required by the [IDEA] must be shown." *Lunceford v. D.C. Bd. of Educ.*, 745 F.2d 1577, 1580 (D.C. Cir. 1984) (quoting *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir. 1982)). "[E]ither bad faith or gross misjudgment must be shown before a Section 504 violation can be made out." *Monahan*, 687 F.2d at 1170-71 (holding that liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals"); *cf. Timms v. Metro. Sch. Dist. of Wabash County*, 722 F.2d 1310, 1317-18 & n. 4 (7th Cir. 1983) (noting that § 504 may not require a showing of intentional discrimination).

The defendants argue that the § 504 claim cannot survive because the plaintiff's complaint "makes no mention of either bad faith or gross misjudgment." Defs.' Mot. at 7. The plaintiff counters that the complaint does allege bad faith or gross misjudgment, and refers the court to the fact that the defendants continued a special-needs child, after two years of poor

grades and unruly behavior, in an educational setting with no special needs programs. Pl.'s Opp'n at 7. In so far as the plaintiff is arguing that her daughter's behavior and grades should have alerted the defendants to her special needs, the plaintiff is propounding a theory of negligence, which will not form the basis of a §504 claim. *T.T. v. District of Columbia*, 2007 U.S. Dist. Lexis 52547, at *30 (D.D.C. July 23, 2007) (citing *Sellers v. Sch. Bd. of City of Manassas*, 141 F.3d 524, 529 (4th Cir. 1998)).

But the plaintiff also argues that "it was a gross misjudgment and bad faith for the school system to place the student in a school that they knew could not implement an IEP which called for a full time Emotionally Disturbed placement." Pl.'s Opp'n at 7. If this is so – that is to say, if the defendants conducted an IEP, assessed the plaintiff's child as needing full-time special services, and then placed her in a facility with no capacity to deliver special services – then the court would encounter no difficulty in characterizing such conduct as marked by gross misjudgment or bad faith. *See Youngberg v. Romeo*, 457 U.S. 307, 323 (1982) (footnotes omitted) (holding that a "decision, if made by a professional, is presumptively valid, [and] liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment"). However, it is not clear from the complaint whether Hart Middle School offered no special education services at all when the defendants placed B.R. there, or whether B.R. was negligently misplaced into general education classes in a school that had the potential to fulfill her special needs. *See* Compl. 10 ¶ (alleging that DCPS placed B.R. at Hart Middle School where she "was not receiving any special education services").

9

While a court must, for the purposes of a motion to dismiss, accept the complaint's factual allegations "as true and draw all reasonable inferences therefrom in the plaintiff's favor," *Macharia*, 334 F.3d at 67, when a claim is so ambiguous as to leave its viability in doubt, the appropriate action is to grant leave to amend for clarity. *Richards v. U.S. Merit Systems Protection Bd.*, 739 F. Supp. 657, 657 n.2 (D.D.C. 1990); FED. R. CIV. P. 15. Because the court concludes that, as presently pleaded, the plaintiff's § 504 claim can demonstrate at most negligence, it dismisses the claim but grants the plaintiff leave to amend her complaint within 60 calendar days of the issuance of this ruling to allege facts demonstrating that the defendants' actions constituted gross misjudgment or bad faith. *See Iacampo v. Hasbro, Inc.*, 929 F. Supp. 562, 571 (D.R.I. 1996) (noting the propriety of issuing an interlocutory order of dismissal while granting leave to amend) (citing *Cash Energy, Inc. v. Weiner*, 768 F. Supp. 892, 897 (D. Mass. 1991)).

### IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss as to the §1983 claim and grants the plaintiff leave to amend her §504 claim. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of December, 2007.

RICARDO M. URBINA
United States District Judge