**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| B.R., a minor, | : | |
| by her mother and next friend, | : | |
| ULYSSA REMPSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:     07-0578 (RMU) |
| | : | |
| v. | : | Re Document No.:    11 |
| | : | |
| DISTRICT OF COLUMBIA *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' RENEWED MOTION TO DISMISS**

**I.  INTRODUCTION**

This matter comes before the court on the defendants' renewed motion to dismiss.  The

plaintiff, on behalf of her disabled child, appeals an administrative decision dismissing her

complaint against the SEED Public Charter School ("SEED") and the District of Columbia

Public Schools ("DCPS"), alleging violations under the Individuals with Disabilities in

Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*; 42 U.S.C. § 1983; and § 504 of the

Rehabilitation Act, 29 U.S.C. § 794.  On December 3, 2007, the court granted the defendants'

motion to dismiss the § 1983 claim, but granted the plaintiff leave to amend her complaint within

sixty days to allege facts that could sustain a Rehabilitation Act claim.  The plaintiff failed to

amend her complaint.

The defendants now renew their motion to dismiss, asserting that the plaintiff's complaint

should be dismissed for failure to prosecute.  For the reasons explained below, the court grants as

conceded the defendants' motion to dismiss the Rehabilitation Act claim, but denies the

defendants' renewed motion to dismiss the plaintiff's IDEA claim.[1]

## II.  BACKGROUND

### A.  Factual History

The plaintiff alleges the following facts in the complaint.  The plaintiff's daughter, B.R.,

attended SEED from seventh through ninth grade.  Compl. ¶ 7.  On May 3, 2005, SEED

completed an initial Individualized Education Program ("IEP") for B.R., as a result of which she

received six hours of special education services.  *Id.* ¶ 8.  On December 8, 2005, SEED revised

the IEP, providing B.R. with full-time special education services.  *Id.* ¶ 9.  On January 26, 2006,

however, DCPS then placed B.R. at Hart Middle School, where B.R. did not receive any special

education services.  *Id.* ¶ 10.  At the end of the 2005-2006 school year, DCPS did not convene a

meeting to establish an appropriate educational placement for B.R., nor did they place B.R. in a

school for the following academic year.  *Id.* ¶ 11.  On August 1, 2006, the plaintiff sent a letter to

DCPS warning them that if B.R. did not receive a placement for the 2006-2007 school year

within ten days, the plaintiff would utilize her right to unilaterally place B.R. at a school of her

choice.  *Id.* ¶ 12.[2]  After DCPS failed to respond, the plaintiff placed B.R. at High Road School

for the 2006-2007 school year.  *Id.*

---

[1]    The court's prior dismissal of the plaintiff's § 1983 claim is unaffected by this Memorandum
Opinion and its accompanying Order.

[2]    The complaint misnumbers paragraph 12 as paragraph 8 and propagates this error throughout the
remainder of the document.  *See* Compl.  The court, therefore, ignores the plaintiff's numbering
and refers to the paragraphs based on their proper ordination.

On September 9, 2006, the plaintiff filed an administrative complaint against SEED, alleging that it had failed to provide her daughter with an appropriate placement and other educational services to which she was entitled. *Id.* ¶ 9. On December 7, 2006, the hearing officer dismissed the claim against SEED on the grounds that the plaintiff had waived her right to an administrative action by withdrawing a complaint that she had previously filed against SEED. *Id.* ¶ 12. The hearing officer also dismissed the claim against DCPS. *Id.*

### B.  Procedural History

The plaintiff commenced this action on March 7, 2007. *See generally* Compl. The defendants moved to dismiss the complaint, arguing that the plaintiff had failed to plead facts sufficient to sustain her claims under § 1983 and the Rehabilitation Act. Defs.' Mot. to Dismiss ("Defs.' Mot."). On December 3, 2007, the court granted the defendants' motion to dismiss the § 1983 claim. Mem. Op. (Dec. 3, 2007) at 4-8. Additionally, the court granted the plaintiff leave to amend her claim under the Rehabilitation Act within sixty days to remedy the factual deficiencies in that claim or face dismissal. *Id.* at 8-10. The plaintiff did not file an amended complaint following the issuance of the December 3, 2007 memorandum opinion and order.

On December 9, 2008, the defendants filed the instant motion, renewing their prior motion to dismiss. *See generally* Defs.' Renewed Mot. to Dismiss ("Defs.' Renewed Mot."). The plaintiff did not file an opposition, and on January 2, 2009, the court ordered the plaintiff to show cause on or before January 15, 2009 why the defendants' renewed motion to dismiss should not be granted as conceded. *See* Order (Jan. 2, 2009). At 12:02 a.m. on January 16, 2009, the plaintiff filed a response to the court's order. *See generally* Pl.'s Resp. to Order to Show Cause

("Pl.'s Resp.").[3]  The defendants then filed a response, to which the plaintiff replied.  Defs.'

Resp. to Pl.'s Resp. to Order to Show Cause ("Defs.' Reply"); Pl.'s Resp. to Defs.' Reply ("Pl.'s

Sur-reply").  The court now turns to the parties' arguments.

## III.  ANALYSIS

### A.  The Court Grants the Defendants' Renewed Motion to Dismiss with Respect to the Plaintiff's Rehabilitation Act Claim

In the defendants' renewed motion to dismiss, they aver that because the court has made

previous rulings in this case, it should dismiss the case under Federal Rule of Civil Procedure

41(b) for failure to prosecute.  Defs.' Renewed Mot. at 4-5.  In the plaintiff's response to the

court's order to show cause, the plaintiff indicates that she cannot demonstrate any further facts

to support her Rehabilitation Act claim.  *See* Pl.'s Resp.; Pl.'s Sur-reply at 1-2, 4.  Instead, the

plaintiff requests that the court proceed only on the remaining IDEA claim.  *See id.*

Because the plaintiff has failed to supply additional supporting factual allegations

regarding her Rehabilitation Act claim and has failed to oppose the defendants' renewed motion

to dismiss that claim, the court grants the defendants' renewed motion to dismiss with respect to

the Rehabilitation Act claim.  *See FDIC v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997) (noting that

a court has the discretion to grant a motion as conceded if it is unopposed).  The court turns next

to the defendants' motion to dismiss the IDEA claim for failure to prosecute.

---

[3]      By way of explanation, the plaintiff noted that "[t]he time on Plaintiff's attorney's computer read 11:58 pm when filing not 12:02 am."  Pl.'s Sur-reply at 1.

### B.  Legal Standard for Dismissal for Failure to Prosecute

A court has the discretion to dismiss a complaint with prejudice when a plaintiff fails to prosecute the complaint, fails to follow the federal rules or fails to follow court orders.  FED. R. CIV. P. 41(b); LCvR 83.23.  While dismissal with prejudice may be an unduly severe sanction for a single instance of attorney misconduct, it may be appropriate "after unfruitful resort to lesser sanctions."  *Gardner v. United States*, 211 F.3d 1305, 1308-09 (D.C. Cir. 2000); *see also Barber v. Am. Sec. Bank*, 841 F.2d 1159, 1162 (D.C. Cir. 1988) (dismissing an appeal due to counsel's "inexcusable disregard for the rules of [the] court" and inadequate explanation for late filings).  In the context of Federal Rule of Civil Procedure 41(b), the D.C. Circuit has enumerated three justifications for dismissal with prejudice because of attorney misconduct: (1) severe prejudice to another party; (2) failure of alternative sanctions to mitigate the severe burden that the misconduct has already placed on the judicial system; and (3) the need to sanction conduct that demonstrates a blatant disregard for the court's orders in order to deter future misconduct.  *Gardner*, 211 F.3d at 1309; *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1074-79 (D.C. Cir. 1986).

The third rationale, deterrence, justifies dismissals when there is some indication that the attorney has deliberately failed to comply with a court order, and the client is aware of the attorney's misconduct.  *Shea*, 795 F.2d at 1077-78.  Concerned that a client might be unaware of the atttorney's misconduct, this circuit requires a district court to notify the client before dismissing a case pursuant to the deterrence rationale.  *Id.*  One alternative sanction is "dismissal of the suit unless new counsel is secured."  *Id.* at 1079 n.6.

### C.  The Court Denies the Defendants' Renewed Motion to
### Dismiss with Respect to the Plaintiff's IDEA Claim

In their renewed motion to dismiss, the defendants contend that the court order dismissing

the plaintiff's § 1983 claim and granting the plaintiff leave to amend the Rehabilitation Act claim

indicated that only the Rehabilitation Act claim remained in the case.  Defs.' Renewed Mot. at 4.

As a result, the defendants urge the court to dismiss this case in its entirety.  *Id.*  The defendants

further assert that the court should dismiss this case for failure to prosecute under Federal Rule of

Civil Procedure 41(b) because the plaintiff has failed to comply with the court's orders.  *Id.* at 3.

The plaintiff responds that the defendants' original motion to dismiss addressed only the § 1983

and Rehabilitation Act claims, and therefore, her IDEA claim remains.  Pl.'s Sur-reply at 1.  In

addition, the plaintiff argues that the defendants have not demonstrated that any failure on her

part to comply with court orders warrants dismissal of her complaint.  *Id.* at 2-5.  The court

addresses each of these arguments in turn.

With respect to the defendants' contention that the court should dismiss the complaint

because only the Rehabilitation Act claim now remains, the plaintiff correctly observes that the

defendants' original motion to dismiss addressed only her § 1983 and Rehabilitation Act claims.[4]

The court's December 3, 2007 memorandum opinion and order likewise addressed only those

two claims.  *See generally* Mem. Op. (Dec. 3, 2007).  Because neither the defendants' original

motion to dismiss nor the court's December 3, 2007 memorandum opinion and order addressed

---

[4]     The defendants' original motion to dismiss explicitly requested that the court grant dismissal
because the plaintiff's complaint was untimely or alternatively "[i]f the Complaint is not
dismissed on that ground, it *should at least* be dismissed with respect to any claims for relief
based on 42 U.S.C. § 1983 and [the Rehabilitation Act]."  Defs.' Mot. to Dismiss at 8 (emphasis
added).  The defendants later withdrew their untimeliness argument, *see* Defs.' Reply in Support
of Mot. to Dismiss at 2 n.2, and therefore the court did not address the IDEA claim when ruling
on the original motion to dismiss.  *See generally* Mem. Op. (Dec. 3, 2007).

the IDEA claim, the court will not dismiss that claim unless it determines that dismissal is warranted based on the plaintiff's failure to prosecute. Accordingly, the court turns next to the question of whether dismissal is proper under Rule 41(b).

The defendants argue that the court should dismiss the remaining claim under Rule 41(b) because the plaintiff has failed to comply with court orders and has failed to prosecute the complaint. Defs.' Renewed Mot. at 2. Citing the three justifications for dismissal under Rule 41(b), the defendants aver that each of the justifications warrants the dismissal of the complaint. Defs.' Renewed Mot. at 4-5; Defs.' Reply at 4-5. First, the defendants suggest that they have been severely prejudiced by the delay following the issuance of the December 3, 2007 memorandum opinion and order, as well as by the plaintiff's failure to meet "every deadline" imposed in this case, because they have had to "divert funds away from providing special education services" to defend themselves in this litigation. Defs.' Reply at 4. The plaintiff counters that the defendants have failed to demonstrate severe prejudice and that, in any event, the harm to the defendants is self-inflicted because the defendants' actions caused the plaintiff to file suit. Pl.'s Sur-reply at 4.

To obtain dismissal for failure to prosecute on the basis of prejudice, a party must show that the prejudice is so severe "as to make it unfair to require the other party to proceed with the case." *Gardner*, 211 F.3d at 1309. Such severity may be demonstrated when the plaintiff's conduct fails to put the defendants on notice of the claim or interferes with the defendants' ability to obtain evidence relevant to the plaintiff's claims. *See Stella v. Mineta*, 231 F.R.D. 44, 49 (D.D.C. 2005) (determining that the defendants were severely prejudiced when the plaintiff failed to file a second amended complaint, exacerbating the difficulty of gathering evidence

pertinent to plaintiff's claims, including locating witnesses in a nearly eight-year-old action).  In

the instant case, the defendants offer no evidence of prejudice or lack of notice, claiming only

that they are burdened by having to defend against this case and other similar cases.  Defs.'

Renewed Mot. at 4-5; Defs.' Reply at 4-5.  Furthermore, in dismissing the § 1983 and

Rehabilitation Act claims, the court addressed whatever burden resulted from the plaintiff's

failure to file an opposition to the defendants' renewed motion to dismiss.  Because the

defendants have failed to demonstrate severe prejudice caused by the alleged misconduct of the

plaintiff, the court will not dismiss for failure to prosecute on this ground.

The defendants next aver that dismissal is warranted under the second justification

enumerated in *Gardner* because the threat of lesser sanctions – namely, the court's order granting

leave to amend the complaint and the order to show cause – has failed to mitigate the burden on

the judicial system because the plaintiff failed to amend the complaint and filed the response to

the order to show cause one day late.  Defs.' Reply at 4-5.  The plaintiff alleges that the court has

not previously imposed any less severe sanctions and points out that there were no orders relating

to the IDEA claim to which the plaintiff failed to adhere.  Pl.'s Sur-reply at 1-2.

To demonstrate that dismissal for failure to prosecute is warranted based on the burden

that the plaintiff's conduct has placed on the judicial system, the moving party must show that

the court will be required to "expend considerable judicial resources in the future in addition to

those it has already wasted, thereby inconveniencing many other innocent litigants in the

presentation of *their* cases." *Gardner*, 211 F.3d at 1309 (citing *Shea*, 795 F.2d at 1075-76)

(determining that a single instance of the plaintiff's counsel failing to appear could not be said to

interfere with the trial court's orderly administration of business).  Although in certain

circumstances dismissal may be warranted for a single act of misconduct, *see,* e.g., Gardner, 211

F.3d at 1308, dismissal is ordinarily a "sanction of last resort to be applied only after less dire

alternatives have been explored without success," *Trakas v. Quality Brands, Inc.*, 759 F.2d 185,

186-87 (D.C. Cir. 1985).  Courts should warn parties of the consequences of noncompliance with

a court order prior to dismissal.  *Gardner*, 211 F.3d at 1309; *see also Butler v. Pearson*, 636 F.2d

526, 530 (D.C. Cir. 1980) (holding that the district court abused its discretion when the plaintiff

did not fail to obey a court directive, the case was dismissed before a pretrial deadline, and less

drastic sanctions were never attempted); *Stella*, 231 F.R.D. at 49 (indicating that dismissal was

warranted because, *inter alia*, the court had advised the plaintiff that dismissal was being

contemplated as a sanction).

In the instant case, the defendants have failed to demonstrate that the plaintiff's response

to the order to show cause, filed two minutes after the filing deadline, has caused any

inconvenience to the defendants or the court.  *Cf. Automated Datatron Inc. v. Woodcock*, 659

F.2d 1168, 1170 (D.C. Cir. 1981) (affirming the district court's dismissal of the plaintiff's

complaint because the plaintiff had failed to join a party six months after being ordered to do so,

an oversight that would have forced the postponement of a trial set months in advance).

Moreover, the court has never addressed the remaining IDEA claim, and therefore has not had

the occasion to impose any alternative sanctions with respect to that claim.  *See Gardner*, 211

F.3d at 1309.  Because the defendants have failed to demonstrate that previous sanctions have

failed, the court will not dismiss for failure to prosecute on this ground.

Finally, the defendants allege that dismissal of this case is warranted under the third

rationale discussed in *Gardner* because the "[p]laintiff's conduct demonstrates a blatant

disregard for this Court's orders" and dismissal could deter future misconduct by other plaintiffs in similar cases. Defs.' Reply at 5. The defendants point to the three deadlines that the plaintiff missed: her failure to file an amended complaint pursuant to the court's December 3, 2007 memorandum opinion and order, her failure to file an opposition to the defendants' renewed motion to dismiss and her failure to file a timely response to the court's January 21, 2009 show cause order. *Id.* at 5. The plaintiff counters that the court has not issued, and therefore she has not violated, any orders related to the IDEA claim. Pl.'s Sur-reply at 1-2. Furthermore, the plaintiff suggests that deterrence is not necessary and that the injustice of dismissal simply to "teach parent's counsel a lesson" is not warranted. *Id.* at 5.

A dismissal may be warranted where lesser sanctions would not serve the interests of justice. *Stella*, 231 F.R.D. at 49 (concluding that dismissal was warranted when the court had previously allowed the plaintiff two attempts to file an amended complaint, had ordered the plaintiff to show cause and had provided the plaintiff the opportunity to comply with local rules); *Mikkilineni v. Penn Nat'l Mut. Casualty Ins. Co.*, 271 F. Supp. 2d 151, 155 (D.D.C. 2003) (determining that sanctions less severe than dismissal would be inadequate to deter and punish the plaintiff's actions because the plaintiff had intentionally circumvented a court order by filing an identical complaint five weeks after the court had dismissed the first complaint). Courts should hesitate before dismissing claims based on punishment or deterrence rationales when attorney misconduct is involved and there is no showing that the client personally deserves the sanction. *Shea*, 795 F.2d at 1078. Furthermore, the Circuit requires that a district court provide notice to the plaintiff personally before dismissing a claim based on a deterrence rationale. *Id.* at 1077-78.

All of the alleged acts of misconduct by the plaintiff were related to the § 1983 and Rehabilitation Act claims, which the court has already dismissed.  The court has issued no orders regarding the remaining IDEA claim, and therefore the plaintiff has not violated any orders with respect to that claim.  *Cf. Mikkilineni*, 271 F. Supp. at 155 (pointing to the plaintiff's repeated sanctions in multiple districts); *Stella*, 231 F.R.D. at 48 (enumerating six instances of failure to prosecute, including the failure to meet five court ordered deadlines and the failure to allege insufficient discovery answers until five months after the close of discovery).  Furthermore, it is not clear that the attorney's errors here warrant dismissal, which would deprive the plaintiff of the ability to obtain educational assistance for her child.  *Cf. Hamlet v. MM Wash. Sch.*, 2006 WL 1933833, at *3 (D.D.C. July 11, 2006) (stating that despite multiple delays by the plaintiff, the court would not dismiss a grandmother's cause of action, through which she attempted to obtain educational assistance for her grandchild, based solely on counsel's errors).  Finally, the court has provided no warning to the plaintiff that the IDEA claim could be dismissed.  *Cf. Shea*, 795 F.2d at 1077-78.  Because the defendants have failed to demonstrate sufficient grounds for dismissal based on deterrence, the court will not dismiss the IDEA claim for failure to prosecute on these grounds.

In sum, the defendants have failed to adequately support any of the three justifications for dismissal for failure to prosecute.  Accordingly, the court denies the defendants' motion to dismiss the plaintiff's IDEA claim.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' renewed motion to dismiss with respect to the Rehabilitation Act claim but denies the defendants' renewed motion to dismiss with respect to the IDEA claim.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 11th day of September, 2009.


RICARDO M. URBINA
United States District Judge